UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM PAIGE HUNT,

    Plaintiff,

    v.

WELLS FARGO BANK, NA, et al.,

    Defendants.

_____/

No. C 10-4438 PJH

**ORDER DENYING PLAINTIFF'S APPLICATION FOR ORDER APPROVING FILING OF NOTICE OF PENDENCY OF ACTION**

    The court is in receipt of plaintiff's "ex parte" application for an order approving the filing of a notice of pendency of action (lis pendens). The application requests the court's approval of the filing by plaintiff of a Notice of Pendency of Action in the County Recorder's office, pursuant to California Code of Civil Procedure §§ 405.20 and 405.21.

    Putting aside the fact that the local rules do not permit plaintiff to file an ex parte application unless expressly authorized by a federal statute or rule, and construing plaintiff's application as properly before the court, the court declines to approve plaintiff's application at this juncture. Pursuant to section 405.21, prior to approving plaintiff's application it is the court's duty to "confirm that an action containing a real property claim, as defined by CCP 405.4, is pending," and to approve plaintiff's request only if such a claim is pending. See Cal. Civ. Proc. § 405.21, cmt. n. 3 (noting court's duty to review a lis pendens application is intended to "avoid[] abuse" of lis pendens procedures).

    Here, the court has reviewed plaintiff's complaint and is unable to clearly determine that an action containing a real property claim is pending. Plaintiff's complaint spans nearly 100 pages, and is incomprehensible in parts. While plaintiff alleges one cause of action labeled "Quiet Title" (among others that appear to plead tort and constitutional violations),

the substance of plaintiff's quiet title allegations is less than clear, focusing in great part upon the existence of an alleged "right of subrogation" and further invoking the due process clause found in the federal constitution.  Furthermore, the court notes that since the filing of plaintiff's application, defendant Wells Fargo has entered an appearance in the action and moved to strike portions of plaintiff's complaint.  Plaintiff's pleading is therefore not yet settled.

    For the foregoing reasons, the court DENIES plaintiff's application.  The denial is without prejudice, however, to plaintiff's ability to re-file his request at a later date.

**IT IS SO ORDERED.**

Dated: November 19, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

2