UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM PAIGE HUNT,

    Plaintiff,

    v.

WELLS FARGO BANK, NA, et al.,

    Defendants.

_____/

No. C 10-4438 PJH

**ORDER DENYING MOTION FOR ENTRY OF JUDGMENT OF DEFAULT**

    Plaintiff filed the instant complaint on October 1, 2010, and a proof of service of the summons and complaint upon defendant Wells Fargo Bank on that same day. On October 29, 2010, plaintiff filed a request for entry of default, which the clerk of the court declined on November 4, 2010. On November 9, Wells Fargo entered an appearance in the action and filed a motion to strike portions of plaintiff's complaint. Approximately one week later, on November 17, plaintiff filed a motion for entry of default judgment, in which plaintiff requested that the court instruct the court clerk to enter an order of default as to defendant Wells Fargo Bank. The court issued an order to show cause, on November 19, as to why default should not be entered against defendant for failure to timely respond to plaintiff's complaint, notwithstanding defendant's recent appearance in the action. Wells Fargo filed an opposition to plaintiff's motion on November 29, and in the absence of any timely reply brief filed by plaintiff in further support of his motion, the motion is now before the court and ready for resolution.

    The court concludes that, to the extent plaintiff requests that the court instruct the clerk to enter Wells Fargo's default in the action, entry of default is not appropriate. Notwithstanding the fact that Wells Fargo filed its motion to strike nearly two weeks beyond

the deadline set for doing so under Federal Rule of Civil Procedure 12, the court finds that defendant's filing of a motion to strike evidences a clear purpose to defend the suit, and furthermore that plaintiff has suffered no prejudice as a result of defendant's tardy motion filing.  Indeed, plaintiff has subsequently entered into a stipulation with defendant continuing the hearing date originally scheduled for defendant's motion to strike, and granting defendant leave to file a motion to dismiss in the action.  Moreover, defense counsel has highlighted the potentially questionable nature of plaintiff's service of the summons and complaint upon defendant.

For all these reasons, and in view of the relatively short time lapse between the deadline for defendant to respond to the action, and defendant's entry of an appearance in the action, the court hereby DENIES plaintiff's request to instruct the court clerk to enter default against Wells Fargo.

To the extent plaintiff's motion seeks entry of default judgment in addition to entry of default, the court also DENIES this request, as entry of default is a prerequisite for entry of default judgment.

**IT IS SO ORDERED.**

Dated: December 15, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge