UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM PAIGE HUNT,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

No. C 10-4438 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendant's motion to dismiss the complaint and accompanying request for judicial notice came on for hearing before this court on March 2, 2011. Plaintiff William Paige Hunt ("plaintiff"), appeared pro se. Defendant Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB and World Savings Bank, FSB ("defendant" or "Wells Fargo"), appeared through its counsel, Mark Flewelling. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's request for judicial notice and GRANTS defendant's motions to dismiss, for the reasons stated at the hearing, and summarized as follows:

    Each of plaintiff's claims is preempted by the Home Owner's Loan Act ("HOLA"). As defendant's request for judicial notice demonstrates, the World Savings Bank was federally chartered by the Office of Thrift Supervision as a federal savings bank – as was its successor, Wachovia (Wachovia then merged into Wells Fargo). See Request for Judicial Notice ("RJN"), Exs. D-E. Thus, World Savings Bank, Wachovia, and its successor Wells Fargo, were subject to HOLA with respect to the origination and ownership of plaintiff's loan, and any claims asserted by plaintiff related to the origination of his underlying loan,

the disclosures made in connection therewith, or the servicing of the loan or its sale to a subsequent purchaser, are all preempted. See 12 C.F.R. § 560.2(b)(9-10)(explicitly listing state laws that are preempted by HOLA, and including those laws that deal with "disclosure and advertising" related to the extension of credit in connection with loans, and laws that deal with the servicing, origination, and sale of loans).[1]

This encompasses all four of plaintiff's stated claims. Notwithstanding the largely incomprehensible nature of the vast majority of plaintiff's supporting allegations, plaintiff's quiet title and slander claims appear to be rooted in allegations that Wells Fargo improperly purchased the loan in question, or is otherwise not entitled to ownership of the loan. See Complaint, ¶¶ 59, 63, 121-22. Similarly, plaintiff's fraudulent concealment and negligent misrepresentation claims allege that defendant fraudulently concealed material facts concerning disclosures that should have been made in connection with the loan origination. See id., ¶¶ 126-27, 148. Accordingly, HOLA preemption results, and plaintiff's complaint is therefore DISMISSED in its entirety.

In view of the foregoing analysis, the court furthermore DENIES defendant's accompanying motion to strike as moot.

**IT IS SO ORDERED.**

Dated: March 21, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1] To the extent that successor Wells Fargo's status as a national bank, rather than a federally chartered federal savings bank, is deemed significant for purposes of preemption, it is sufficient to note that the preemptive scope of the National Bank Act ("NBA") – pursuant to which the Office of the Comptroller of the Currency ("OCC") is charged with supervision of national banks – and HOLA have the same effect. See NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co., 513 U.S. 251, 256 (1995); see also, e.g., Aguayo v. U.S. Bank, 2009 WL 3149607, *3 (S.D. Cal. 2009) (citing 12 U.S.C. § 93a; 69 Fed. Reg. 1904, 1907 (January 13, 2004)). Furthermore, the regulations applicable to national banks pursuant to the National Bank Act are substantially the same as those set forth under HOLA. See 12 C.F.R. § 34.4 provides. Accordingly, the court's preemption analysis remains the same.